# MULHOLLAND MINION

**MULHOLLAND MINION DAVEY McNIFF & BEYRER**

**374 Hillside Avenue, Williston Park, New York 11596**
**TEL: (516) 248-1200 · FAX: (516) 248-1225**

200 Park Avenue, Suite 1700, New York, NY 10166
TEL: (646) 354-6600

*Mail to Williston Park office

# MEMO ENDORSED

April 5, 2022

**VIA ECF**

The Honorable Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED   4/25/22
```

Re:     *Fidelina Luna v. Campbell Soup Company, Pepperidge Farm, Incorporated
          and Stephen M. Kovatch*
          Date of Accident  : April 24, 2019
          Case No.               : 1:21-cv-00962-LLS
          Our File No.          : 901-7883

Dear Judge Stanton:

On behalf of Defendants in the above-referenced action, we write in response to Plaintiff's March 23, 2022 letter motion. Defendants will not respond to Plaintiff's unwarranted attacks on their discovery efforts to date. In truth, Defendants have been overly patient with a Plaintiff struggling to explain how the underlying accident actually occurred, which is why her counsel is engaged in a fishing expedition.

Most importantly, however, Plaintiff has never served discovery requests for most of the information she seeks and has served no discovery on Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm"). Once she does, she may receive the materials she seeks, but neither Campbell Soup Company (a holding company that is the indirect owner of Pepperidge Farm) nor Steven Kovatch are the appropriate parties from which to seek these materials. Indeed, Plaintiff never asked who employed Mr. Kovatch or who owned the tractor and trailer he was driving at the time of the alleged accident in April 2019 until her counsel deposed Mr. Kovatch in December 2021 – more than two-and-a-half years after the accident and a full year after initiating this action. None of the discovery requests appended to Plaintiff's letter asked these basic questions. Nevertheless, Campbell Soup and Mr. Kovatch provided extensive responsive

*Fidelina Luna v. Campbell Soup Company, Pepperidge Farm, Incorporated*          April 5, 2022
 *and Stephen M. Kovatch*                                                                                Page | 2
Date of Accident :   April 24, 2019
Case No.          :   1:21-cv-00962-LLS
Our File No.      :   901-7883


information[1] and Mr. Kovatch sat for a lengthy—and at times intrusive—deposition.

    Defendants will address each category of information Plaintiff seeks in turn:

1. Rule 26 Disclosures – Plaintiff omits that Defendants served amended disclosures on July 8, 2021. (See Exhibit A). Defendants' initial disclosures and supplement fully complied with Defendants' obligations by disclosing potential witnesses, insurance information (with a copy of the policy), and the materials Defendants intended to use—at that time. Discovery is ongoing, and Defendants may amend again, as is its right and obligation.

2. Documents identifying the owner and/or lessee, and lessor of the subject tractor and trailer – Plaintiff fails to cite to a single discovery request for this information, and there is none.

3. Maintenance records for the subject tractor and trailer for a reasonable time period preceding the accident – Defendants responded that they are not in possession of these

---

[1] In particular, to date, Defendants have produced:

- a copy of the recorded statement of Daisy Reyes the plaintiff's daughter, who was a passenger in the vehicle operated by plaintiff at the time of the accident was provided,
- a copy of the recorded statement of the plaintiff,
- identification of any witnesses known to defendants, as revealed in the Police Accident Report, a copy of which was provided,
- a copy of a photograph of the driver's side of the plaintiff's vehicle, a 2001 Honda minivan, showing the alleged physical damages to the left, front fender, the left front wheel, and the driver's side mirror that was merely pushed in,
- several other photographs that were not able to be enlarged at that time,
- a photograph of the right side of the trailer of the tractor/trailer operated by Mr. Kovatch at the time of the alleged accident.
- Defendants' insurance information;
- a copy of a photograph of the tractor operated by Stephen M. Kovatch on the day of the alleged accident, copies of additional photographs of the trailer, including photographs of the front end of the trailer, the right and left sides of the trailer,
- a copy of the current Commercial Driver's License for defendant, Stephen M. Kovatch and the current registration for the trailer and tractor operated by Mr. Kovatch,
- a copy of the Medical Examiners Certificate (Form MCSA for defendant, Stephen M. Kovatch, dated February 27, 2019 that was demanded by plaintiff
- copies of notes concerning the accident involving Stephen Kovatch,
- the Vehicle Identification Number of the Tractor (#1FUJGEDR7JLJK1591), its year, make and model and license plate number
- the claim number for the alleged accident of April 24, 2019, and notes concerning the owner of plaintiff's minivan concerning the plaintiff's address, license plate number for her vehicle and a description of that vehicle.

*Fidelina Luna v. Campbell Soup Company, Pepperidge Farm, Incorporated*
 *and Stephen M. Kovatch*
Date of Accident : April 24, 2019
Case No.          : 1:21-cv-00962-LLS
Our File No.      : 901-7883

April 5, 2022
Page | 3

materials, which is a true and accurate response.  Maintenance records are maintained by the owner of the tractor and trailer, which Plaintiff's counsel learned during Mr. Kovatch's deposition is Ryder.  In any event, Plaintiff has failed to articulate why those records are proportional to the needs of the case pursuant to FRCP Rule 26(b)(1).  She has no viable theory for how the accident happened at rush hour, in slow moving traffic on the Major Deegan Expressway.  The Police Accident Report and Overlay do not identify any concerns with the condition of the tractor or the trailer.  Indeed, evidence to date suggests Plaintiff may have side-swiped Mr. Kovatch.  In short, Plaintiff is on a fishing expedition this Court should not countenance.

4.  Mr. Kovatch's complete employment file – Plaintiff fails to cite to a single discovery request for this information, and there is none.  Instead, Plaintiff requested only specific information regarding Mr. Kovatch, in response to which, to the extent not objectionable and in their possession, Defendants produced responsive information.

5.  All records generated as a result of the accident – again, Plaintiff fails to cite a single discovery request for this category of documents, and there is none.  Instead, Plaintiff requested only specific information regarding the accident, in response to which, to the extent not objectionable and in their possession, Defendants produced responsive information.

6.  Driver log – Plaintiff fails to cite to a single discovery request for this information, and there is none.

7.  "Black box" data – Plaintiff never issued a discovery request for this information from Pepperidge Farm—and she still hasn't.  She issued a notice to preserve to Campbell Soup and Mr. Kovatch and a request to inspect.  Neither party has custody or control of that device.  Upon receipt of an appropriate discovery request, Pepperidge Farm will respond.

8.  Depositions of persons with sufficient knowledge to testify as to the generation and retention of the aforementioned documents – Plaintiff fails to cite to any deposition notice issued to Defendants on this topic.

9.  The continued deposition of Steven Kovatch – Plaintiff has not established that any accident history is proportional to the needs of this case.  She has no viable theory for how the accident happened at rush hour, in slow moving traffic on the Major Deegan Expressway.  Indeed, evidence to date suggests she may have side-swiped Mr. Kovatch.  In short, Plaintiff is on a fishing expedition this Court should not countenance.

*Fidelina Luna v. Campbell Soup Company, Pepperidge Farm, Incorporated*                    April 5, 2022
*and Stephen M. Kovatch*                                                                   Page | 4
Date of Accident :   April 24, 2019
Case No.         :   1:21-cv-00962-LLS
Our File No.     :   901-7883

10. Costs and fees incurred for bringing the within motion – as demonstrated by this response, Plaintiff has not made any formal discovery requests for much of the information sought in her motion, making the motion entirely premature and her request for costs and fees meritless. There is no basis to award Plaintiff any costs or fees.

For further context, in response to plaintiff's Notice and Combined Demands, dated October 14, 2021, a copy of which is annexed hereto as Exhibit B (ECF #43-4), defendants issued their Response To Plaintiff's Notice and Combined Demands, dated December 3, 2021, a copy of which is annexed hereto as Exhibit C with the documents that were demanded that were in the possession of defendants attached.

Thereafter, in response to plaintiff's Notice For Discovery & Inspection, dated October 14, 2021, a copy of which is annexed hereto as Exhibit D (ECF #43-4), defendants issued their Response To Notice For Discovery And Inspection, dated January 17, 2022, a copy of which is annexed hereto as Exhibit E providing responses to each of the demands numbered 1-18, inclusive.

Therefore, despite Mr. Mahan's assertions to the contrary on p. 2 of his letter motion, defendants did provide documents and responses (Defendants' C and E) to both plaintiff's Notice And Combined Demands (Exhibit B, ECF # 43-4), dated October 14, 2021, and defendants provided responses to plaintiff's Notice For Discovery & Inspection (Ex. D, ECF # 43-4), dated October 14, 2021.

On p. 2 of Mr. Mahan's letter motion, he complains that the copy of the driver's license for Stephen M. Kovatch (Deft's Ex. E, ¶ 1) that was provided was issued on May 31, 2019, after the accident of April 24, 2019. Plaintiff's discovery request did not specify a timeframe for the requested license. Mr. Kovatch produced a copy of the CDL in his possession at the time counsel requested his assistance to respond to the discovery requests. In addition, the Police Accident Report, attached hereto as Exhibit F, does not include any violations issued to Mr. Kovatch for not having a valid, properly issued Commercial Driver's License on the day of the accident and lists his license number and the state (CT). Annexed hereto as Exhibit G is a copy of the transcript of the deposition of Stephen M. Kovatch that was taken by Mr. Mahan on January 17, 2022, approximately two (2) months before Mr. Mahan made this application. During that deposition, Mr. Mahan learned that Mr. Kovatch had retired two (2) and a half years before the deposition as a tractor-trailer driver for Pepperidge Farm (Exhibit G, p. 19, l. 22-p. 20, l. 16), which had required a CDL Class A license (Ex. G, p. 20, l. 10-13). Mr. Mahan learned from that deposition that defendant, Stephen Kovatch, had such a driver's license on April 24, 2019 that had been issued in Connecticut (Ex. G, p. 21, l. 15-22). Mr. Kovatch had also testified that his license had never been suspended or revoked (Ex. G, p. 21, l. 23-p. 22, l. 2) before the accident of April 24, 2019. Mr. Kovatch testified that before he retired, he was employed by

Case 1:21-cv-00962-LLS   Document 49   Filed 04/05/22   Page 5 of 6

*Fidelina Luna v. Campbell Soup Company, Pepperidge Farm, Incorporated*   April 5, 2022
*and Stephen M. Kovatch*   Page | 5
Date of Accident :  April 24, 2019
Case No.   :  1:21-cv-00962-LLS
Our File No.   :  901-7883

Pepperidge Farm (Ex. G, p. 19, l. 22-p. 20, l. 6), that he began employment with Pepperidge Farm in 1976 (Ex. G, p. 21, l. 6-8), that his position as a tractor-trailer driver required a CDL Class A license (Ex. G, p. 20, l. 7-13), that he had a CDL Class A endorsement/license since 1977 (Ex. G, p. 23, l. 21-p. 24, l. 7) that he did not take a course to obtain that license, that he had on-the-job training (Ex. G, p. 16, l. 17-23), and that his retirement had nothing to do with conduct on his job, his driving, or with accidents (Ex. G, p. 20, l. 14-p. 21, l. 5).

Therefore, clearly Mr. Kovatch had a CDL license on the day of the accident and before he retired and moved to Pennsylvania approximately two (2) and one-half years ago, when he obtained a Pennsylvania CDL License. All this is to say that there is plenty of evidence in the record already that Mr. Kovatch had a valid CDL on the date of the accident, which is not really in dispute. In any event, Defendants have located a copy of Mr. Kovatch's prior CDL and will be producing a copy.

To the extent that Mr. Mahan also argues in the last paragraph on p. 2 of his letter motion entitled "Argument" that he still does "not know who owned the tractor/trailer and thus may be liable for negligent maintenance", Mr. Kovatch testified that the tractor/trailer that he was driving on the day of the accident was leased from and was owned by Ryder Transportation (Ex. G, p. 42, l. 24-p. 43, l. 3, p. 48, l. 10-20), which inspected them and did any work/maintenance on them (Ex. G., p. 42, l. 11-p. 44, l. 11).

Moreover, annexed hereto as Exhibit H is a copy of the Verified Answer, dated March 21, 2022 on behalf of Pepperidge Farm, Incorporated that was filed on March 22, 2022 (ECF # 41) in which it was admitted that on April 24, 2019, the day of the accident that is the subject matter of this accident, Pepperidge Farm, Incorporated was the lessee of the truck tractor and 2016 Utility Trailer (Ex. H, ¶ 10, ECF # 41), that on April 24, 2019, Stephen M. Kovatch was an employee of Pepperidge Farm, Incorporated on April 24, 2019 (Ex. H, ¶ 8, ECF # 41), that on April 24, 2019 he was the operator of the truck tractor and a 2016 Utility Trailer (Deft's Ex. H, ¶ 10, ECF # 41), and that on April 24, 2019, Stephen M. Kovatch was operating the truck trailer and 2016 trailer within the scope of his employment (Deft's Ex. H, ¶ 11, ECF # 41).

However, since the Police Accident Report (Ex. F), in conjunction with the Police Accident Report Overlay (Ex. F), has a portion of that report dedicated to Apparent Contributing Factors (Items Nos. 41-60) for defective conditions of the tractor/trailer (Items 19 and 20) and none were cited, it is submitted that plaintiff's demand for the registration of the tractor/trailer is not proportional to the needs of the case and is not relevant to the subject matter of this action. Plaintiff's counsel's argument that there is an issue as to ownership, which "may be liable for negligent maintenance" is a disingenuous, specious argument since Mr. Kovatch testified that Ryder Transportation owned the truck (Ex. G, p. 42, l. 24-p. 43, l. 3, p. 48, l. 10-20), that

*Fidelina Luna v. Campbell Soup Company, Pepperidge Farm, Incorporated*
*and Stephen M. Kovatch*
Date of Accident : April 24, 2019
Case No.           : 1:21-cv-00962-LLS
Our File No.      : 901-7883

April 5, 2022
Page | 6

Pepperidge Farm leased its equipment from Ryder (Ex. G., p. 48, l. 15-20), and since there were no maintenance issues cited in the police report.

So
ordered

     For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiff's letter motion and allow the parties to proceed in discovery, during which Plaintiff can serve discovery requests for the information she seeks and Defendants can respond. If there remain items in dispute that cannot be resolved through the parties' meet-and-confer process, either party can seek the Court's assistance.

Louis L
stanto

4/25/2

                                        Respectfully submitted,

                                        **MULHOLLAND MINION DAVEY**
                                        **MCNIFF & BEYRER**

                                        John L. Marsigliano (JLM1544)
                                        Attorneys for Defendants
                                        **CAMPBELL SOUP COMPANY,**
                                        **PEPPERIDGE FARM**
                                        **INCORPORATED and STEPHEN**
                                        **M. KOVATCH**

cc:      **CHERNEY & PODOLSKY, PLLC**
         *Attorneys for Plaintiff*
         **FIDELINA LUNA** (via the ECF)
         2681 East 14th Street
         Brooklyn, NY 11235
         718-449-5100